Peter Rukin, SBN 178336
Angela Perone SBN 245793
Carole Vigne SBN 251829
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile:  (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

Mark Crawford, SBN 136501
Piper Morrison SBN 245402
SKIKOS, CRAWFORD, SKIKOS,
JOSEPH & MILLICAN LLP
625 Market Street, 11th Floor
San Francisco, CA 94105
Telephone: (415) 956-5257
Facsimile: (415) 956-4416
E-mail: mcrawford@skikoscrawford.com

*Attorneys for PETITIONERS*
Additional Counsel Listed on Next Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PRYOR; JAMES FENSKE; ROBERT KLINE; JAMES BITTLE; ROY WHITED; DON HICKS; DAVID BURDEN, ROBERT STANLEY; RANDALL HUGGINS; and ROGER WARREN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Petitioners,<br><br>v.<br><br>OVERSEAS ADMINISTRATIVE SERVICES, LTD.; SERVICE EMPLOYEES INTERNATIONAL, INC.; KBR TECHNICAL SERVICES, INC.; KELLOGG BROWN & ROOT SERVICES, INC.; KBR, INC.; HALLIBURTON, INC.; KBR HOLDINGS, LLC; KELLOGG BROWN & ROOT LLC; KELLOGG BROWN & ROOT INTERNATIONAL, INC.; KELLOGG BROWN & ROOT, INC.; DII INDUSTRIES, LLC; and DOES 1 through 1000,<br><br>Respondents. | Case No.  3:10-cv-01930-BZ<br><br>**ADMINISTRATIVE MOTION FOR AN EXPEDITED HEARING; [PROPOSED] ORDER THEREON**<br><br>**[Proposed Hearing Date for Motion to Compel Arbitration in the Manner Ordered by the Arbitrator:  May 19, 2010]** |

*Additional Counsel for Petitioners*

James Finberg, SBN 114850
Eve Cervantez, SBN 164709
Caroline Cincotta, SBN 261056
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  jfinberg@altshulerberzon.com
E-mail: ecervantez@altshulerberzon.com

Todd Jackson, SBN 202598
Catha Worthman, SBN 230399
LEWIS, FEINBERG, LEE, RENAKER
   & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California  94612
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
E-mail:  tjackson@lewisfeinberg.com

**Administrative Motion for an Expedited Hearing**

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, Petitioners move this Court for an order granting this Administrative Motion for an Expedited Hearing.  In support of their motion, Petitioners state the following:

1. Petitioners have noticed their accompanying Motion to Compel Arbitration in the Manner Ordered by the Arbitrator for May 19, 2010 ("Motion to Compel"), at 10:00 a.m. before Magistrate Judge Zimmerman.   This Motion to Compel seeks an order that KBR return immediately to an arbitration that has been underway for more than two and a half years, as provided for in the parties' employment agreements and as ordered by the Arbitrator.

2. Petitioners filed their original Petition for Order Compelling Arbitration in the Manner Ordered by the Arbitrator on May 4, 2010 ("Petition to Compel"), and filed their Amended Petition for Order Compelling Arbitration in the Manner Ordered by the Arbitrator ("Amended Petition to Compel") and their Motion to Compel today, May 12, 2010.

3. Petitioners served their Petition to Compel, their Amended Petition to Compel, and their Motion to Compel in the manner provided by the Federal Rules of Civil Procedure and the applicable arbitration agreements by delivering copies of these documents by hand to Respondents' counsel today, May 12, 2010.  *See* Proof of Service, filed herewith; *see also* Exhibit 2 attached to Petition to Compel, Dkt. 3-1, at p. 25 of 74.  Copies of these documents were also mailed to Respondents' Texas counsel and to Respondents' Dispute Resolution Program Administrator.  *See* Proof of Service.

4. Section 4 of the FAA provides, in pertinent part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. *Five days' notice in writing of such application shall be served upon the party in default.*  Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure.  The court shall

> hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4 (emphasis added).

5. As set forth above, Section 4 of the FAA, 9 U.S.C. § 4, provides for the Court to hear the parties five days after filing a petition to compel arbitration. *See*, *e.g.*, *Unionmutual Stock Life Ins. Co. of America v. Beneficial Life Ins. Co.*, 774 F.2d 524 (1st Cir. 1985) (holding that "a hearing on the order compelling arbitration could be held by the district court any time" five days after the application was made); *Roque v. Applied Materials, Inc.*, No. CV 03-1564-ST, 2004 WL 1212110, at *4 (D. Or. Feb. 20, 2004) (holding that § 4 of the FAA "requires the party opposing arbitration to be given five days' notice before a hearing is held regarding the application for arbitration").

6. As the applicable statute provides that the time for a court determination following filing of a petition to compel is to be five days, the local rule that motions are generally to be set for 35 days after a motion is filed do not apply. Because Petitioners have a statutory right to a hearing on five days' notice, Petitioners have not sought a stipulation from Respondents with respect to the timing of the hearing on this Motion to Compel.

7. Section 4's provision "for an expeditious and summary hearing" is consistent with the policy underlying the FAA "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (explaining "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts); *Sanford v. Memberworks, Inc*., 483 F.3d 956, 960-61 (9th Cir. 2007) (quoting *Moses H. Cone*, 460 U.S. at 22, as quoted in *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004)).

1       8.      Petitioners have fulfilled the statutory requirements of notice by personally serving

2  Respondents' counsel, in the manner provided for by the Federal Rules of Civil Procedure, and the

3  applicable arbitration agreements.

4       WHEREFORE, Petitioners request that the Court enter an order confirming a hearing date

5  of May 19, 2010, or as soon thereafter as is convenient for the Court.

DATED:  May 12, 2010                 RUKIN HYLAND DORIA & TINDALL LLP


                                     By: _____/s/_____
                                            Peter Rukin
                                            *Attorneys for Petitioners*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

~~[PROPOSED]~~ ORDER

No opposition having been received to the Administrative Motion for an Expedited Hearing, Pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, the Court will hear Petitioners' Motion to Compel Arbitration in the Manner Ordered by the Arbitrator as noticed by Petitioners for May 19, 2010 ("Motion to Compel"), at 10:00 a.m.  At the hearing the Court will consider scheduling such further briefing and argument as necessary.  Prior to the hearing the parties shall consent to or decline magistrate judge jurisdiction.  The form to do so may be found at: http://www.cand.uscourts.gov.

IT IS SO ORDERED.

DATED: _May 18_, 2010                    _____
                                         The Honorable Bernard Zimmerman
                                         UNITED STATES MAGISTRATE JUDGE

CASE NO. 3:10-CV-01930-BZ                    [PROPOSED] ORDER FOR AN EXPEDITED HEARING