IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Pryor, et al., | NO. C 10-01930 JW |
|         Petitioners,<br>v.<br>Overseas Admin. Servs., Ltd., et al.,<br>        Respondents. | **ORDER DENYING PETITIONERS' MOTION FOR ORDER CONFIRMING ARBITRATION AWARD**; **DISMISSING PETITION AS NOT RIPE FOR REVIEW** |

    Presently before the Court is Petitioners' Motion for Order Confirming Arbitrator's Award.[1] Petitioners bring this Petition under the Federal Arbitration Act, 9 U.S.C. § 9, asking the Court to confirm two recent Orders in their class arbitration against Respondents. Petitioners seek confirmation of: (1) an Order Granting Motion for Class Certification ("Certification Order"); and (2) an Order Confirming Waiver of Right to Challenge Whether Arbitration Clause Encompasses Class Claims ("Construction Order"). The Court conducted a hearing on November 28, 2011. Based on the papers submitted to date and oral argument, the Court DENIES Petitioners' Motion.

**A.**    **Background**

    The Court reviews the procedural history relevant to the present Motion.

    On May 4, 2010, Petitioners filed their Petition for an Order Compelling Arbitration in the Manner Ordered by the Arbitrator. (See Docket Item No. 1.) On May 12, 2010, Petitioner filed a First Amended Petition and a Motion to Compel Arbitration in the Manner Ordered by the

---

[1] (Notice of Motion and Motion for Order Confirming Arbitrator's April 28, 2011 Award Granting Motion for Class Certification and April 28, 2011 Award Confirming Waiver of Right to Challenge Whether Arbitration Clause Encompasses Arbitration of Class Claims, hereafter, "Motion," Docket Item No. 75.)

Arbitrator. (See Docket Item Nos. 3, 5.) On May 20, 2010, Respondents filed a Motion to Dismiss or Stay the Case. (See Docket Item No. 24.) Respondents contended that the case should be stayed in light of a proceeding in the Southern District of Texas, filed before the present action, in which one Defendant in the present action seeks a declaratory judgment that the governing arbitration agreements do not permit class arbitration. (Id. at 1, 6.)

On February 2, 2011, the Court denied both Petitioners' Motion to Compel Arbitration and Respondents' Motion to Dismiss or Stay.[2] The Court denied Respondents' Motion to Stay on the grounds that only one Defendant in the present action is named in the Texas action, meaning that the parties were not sufficiently similar to warrant a stay. (Id. at 14.) The Court also denied Petitioners' Motion to Compel Arbitration on the grounds that arbitration was already proceeding, and the question of whether the arbitration could proceed as a class action is not a threshold question of arbitrability, but instead a question to be determined by the Arbitrator. (Id. at 21.) Accordingly, the Court held that Respondents' "failure to arbitrate" was not a failure to arbitrate at all but a mere procedural challenge to the arbitration, and that challenge was properly resolved by the Arbitrator, and not the Court. (Id. at 15.)

On April 28, 2011, Arbitrator Loeb issued two Orders. (See Docket Item No 76-1.) The Class Construction Order memorialized the Arbitrator's prior findings that the agreements authorized class arbitration, that Respondents had stipulated to class arbitration, and that Respondents had waived any right to challenge his authority to decide the case on a class basis. (Id. at 41-42.) The Certification Order granted Petitioners' Motion for Class Certification. (Id. at 38.)

**B.   Discussion**

Petitioners seek confirmation of both arbitration Orders pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. (Motion at 1.) Respondents contend both that the Court lacks subject

---

[2] (See Order, hereafter, "February 2 Order," Docket Item No. 71.)

1 matter jurisdiction over this Petition and that the awards are not ripe for confirmation.[3] Because it
2 may be dispositive, the Court considers the issue of ripeness first.[4]

3 "[B]ecause of the Congressional policy favoring arbitration when agreed to by the parties,
4 judicial review of *non-final* arbitration awards should be indulged, if at all, only in the most extreme
5 cases." Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1022 (9th Cir.
6 1991) (citation and quotation omitted) (emphasis in original). "The basic purpose of arbitration is
7 the speedy disposition of disputes without the expense and delay of extended court proceedings."
8 Aerojet-Gen. Corp. v. Am. Arbitration Ass'n, 478 F.2d 248, 251 (9th Cir. 1973) (citation omitted).
9 To permit "an appeal of an interlocutory ruling of the arbitrator would frustrate this purpose." Id.
10 For this reason, courts have held that the evidentiary rulings of an arbitrator should not be
11 appealable before a final award has been rendered. See id. (collecting cases).

12 Accordingly, Ninth Circuit case law allows confirmation of non-final awards only in limited
13 circumstances. See Pac. Reinsurance Mgmt., 935 F.2d at 1022 (discussing cases where courts have
14 declined to confirm non-final orders). For example, the Ninth Circuit has acknowledged that
15 circumstances may arise in which the hardship caused by withholding judicial review renders an
16 order ripe for interlocutory review. See Aerojet, 478 F.2d at 251 (holding that where the erroneous
17 non-final ruling of an arbitrator would cause irreparable harm to a party, the court would be free to
18 prevent injustice by taking interlocutory appeal). This is consistent with the Supreme Court's most
19 recent analysis of the propriety of reviewing an arbitrator's grant of class certification, in which it
20 held that ripeness depends on both: (1) "the fitness of the issues for judicial decision"; and (2) "the
21 hardship of withholding court consideration." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S.

---

23 [3] (Opposition to Petitioners' Motion for Order Confirming Arbitrator's April 2011 Orders at 1, hereafter, "Opp'n," Docket Item No. 83.)
24

25 [4] Although a court must always consider its subject matter jurisdiction before adjudicating the merits of a case, "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549
26 U.S. 422, 431 (2007) (citations and quotation omitted). Here, because the Court determines that Petitioners' Motion is not ripe for adjudication on the merits, it need not consider the subject matter
27 jurisdiction question raised by Respondents.

28

3

Ct. 1758, 1767 n.2 (2010) (citation omitted). Because of this requirement of hardship, "ripeness, in many cases, coincides squarely with standing's injury in fact prong." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1122 (9th Cir. 2009) (citation and quotation omitted).

Here, as the prevailing party in arbitration, Petitioners face no hardship from the Court withholding review. Insofar as Respondents have not refused to arbitrate on a class basis, Petitioners' arbitration will proceed along the same path–as a class arbitration with a certified class–regardless of whether the Court provides the relief sought. Thus, the absence of hardship to Petitioners, as the prevailing party in arbitration, means that their Motion to confirm an interlocutory Order is not ripe for review.[5]

Petitioners contend that they will suffer hardship absent a confirmation of the Arbitrator's Orders because Respondents maintain a separate action in the Southern District of Texas seeking declaratory relief that the underlying agreements do not permit class arbitration.[6] This contention is unavailing because the Texas action was the first to be filed and only one Defendant in the present action is named in that action.[7]

Accordingly, the Court DENIES Petitioners' Motion as not ripe for review.

**C.  Conclusion**

The Court DENIES Petitioners' Motion for Confirmation of Arbitrator's Awards as not ripe for review.

---

[5] The Sixth Circuit recently noted as much in declining to confirm a ruling on class certification, observing "[n]aturally, the hardship posed to a party by a *favorable* class determination award would not be readily apparent." Dealer Computer Servs., Inc. v. Dub Herring Ford, 623 F.3d 348, 354 (6th Cir. 2010) (emphasis in original).

[6] (Reply in Support of Motion for Order Confirming Arbitrator's April 28, 2011 Award Granting Motion for Class Certification and April 28, 2011 Award Confirming Waiver of Right to Challenge Whether Arbitration Clause Encompasses Arbitration of Class Claims at 6, hereafter, "Reply," Docket Item No. 84.)

[7] (See February 7 Order at 6 (describing chronology of the actions).)

Finding no ripe case or controversy before it, the Court DISMISSES Petitioners' Petition without prejudice. The Clerk of Court shall close this file.

Dated: December 7, 2011

JAMES WARE
United States District Chief Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Angela Katherine Perone angelaperone@rhdtlaw.com
Carole Vigne invalidaddress@invalidaddress.com
Caroline Place Cincotta ccincotta@altshulerberzon.com
Carolyn Hoecker Luedtke carolyn.luedtke@mto.com
Catha Alison Worthman cworthman@lewisfeinberg.com
Eve Hedy Cervantez ecervantez@altshulerberzon.com
James M. Finberg jfinberg@altshulerberzon.com
Malcolm A. Heinicke heinickema@mto.com
Mark G. Crawford mcrawford@skikocrawford.com
Michael Rubin mrubin@altshulerberzon.com
Peter Scott Rukin peterrukin@rhdtlaw.com
Todd Jackson tjackson@lewisfeinberg.com


Dated: December 7, 2011                    **Richard W. Wieking, Clerk**

                                           **By:       /s/ JW Chambers**
                                           **Susan Imbriani**
                                           **Courtroom Deputy**